IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD YOUNG,

    Plaintiff

v.

JAMES GRACE, Superintendent
of SCI-Huntington, et al.,

    Defendants

NO. 3:CV-07-016

JUDGE VANASKIE

## MEMORANDUM

Petitioner Richard Young was convicted of first degree murder in 1995, following a jury trial, and sentenced to death for the 1979 murder of Russel Loomis. (Pet., Dkt. 1, at ¶ 2.)[1] The Pennsylvania Supreme Court reversed and remanded Young's conviction in Commonwealth v. Young, 748 A.2d 166, 193 (Pa. 1999), finding that co-defendants' statements identifying Young as the murderer were improperly admitted. A retrial was held in 2003, and a jury again found Young guilty of first degree murder. Young was immediately sentenced to life imprisonment. (Dkt. 1, at ¶ 3.) Following post-sentencing motions and

---

[1] For the convenience of the reader of this Memorandum opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court. The page numbers referenced in this Memorandum opinion refer to the page number of the electronic CM/ECF record.

appeals, Young filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that there were twelve errors of constitutional dimension in the 2003 trial, requiring that his conviction be reversed. Following careful review of claimed error, this Court denied Young's petition by an Order and lengthy Memorandum Opinion dated September 2, 2010. This Court also determined that there was no basis for the issuance of a certificate of appealability. (Dkt. 53, at p. 80.)

On September 15, 2010, Petitioner timely filed a "Motion Pursuant to Fed. R. Civ. P. 59(E) to Alter or Amend the Judgment by Granting a Certificate of Appealability as to Claims 1 and 2." (Dkt. 54.) On September 28, 2010, Petitioner filed a Brief in Support of his motion. (Dkt. 55.) Respondent filed a Brief in Opposition on October 13, 2010. (Dkt. 57.) The matter is now ripe for consideration. For the following reasons, we will deny Petitioner's motion.

## DISCUSSION

Petitioner argues that the Court's refusal to grant a Certificate of Appealability was unreasonable on two grounds. First, Petitioner argues that a Certificate of Appealability should have issued because he was deprived of his Sixth Amendment right to confrontation at his second trial because the prosecution failed to make a good faith effort to obtain the presence of a key witness. (Dkt. 55, at 3.) He enumerates three instances when one of the prosecutors encountered this witness before his trial, and could have issued a subpoena,

2

and also enumerates five examples of additional steps which could have been taken to locate the witness. (Id. at 5-6.) For these reasons, petitioner claims, the efforts of the prosecution fall short of the "good-faith effort" required by Barber v. Page, 390 U.S. 719, 724-25 (1968).[2]

Petitioner next argues that a Certificate of Appealability should have issued because his right to due process was violated when the Commonwealth suppressed evidence which would have shown that the testimony of one of its key witnesses was false. (Dkt. 55, at 7.) Specifically, Petitioner argues that the prosecution failed to disclose that Chris Cornell would testify to conversations between Cornell's father and Petitioner which, Petitioner claims, the prosecution knew could not have occurred. (Dkt. 55, at 7-8.) The prosecutor, according to Petitioner, had a duty to learn of such favorable evidence known to others working on its behalf, Kyles v. Whitley, 514 U.S. 419 (1995), including the prison, whose records showed that petitioner was segregated during the time of the alleged conversations. (Dkt. 55, at 9.) Petitioner argues that this Court misapplied United States v. Morris, 80 F.3d 1151 (7th Cir. 1996), United States v. Ellender, 947 F.2d 748 (5th Cir. 1991), and United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), which, Petitioner argues, "do not categorically hold that prison records are not evidence in the prosecution's possession." (Dkt. 55, at 9 n.8.)

---

[2]This case is distinguishable from Barber, however, for there the prosecution was able to locate the witness, but took no steps to actually secure his presence at trial. Barber, 390 U.S. at 724-25.

3

Petitioner asserts that the segregation order was imposed on the basis of an order obtained by the prosecution, and therefore the prison was working on the prosecution's behalf. (Dkt. 55, at 9-10.)

A court may grant relief on a Rule 59(e) motion only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also NL Industries, Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n.8 (3d Cir. 1995) (applying the same standard to the reconsideration of an issue by courts). Here, Petitioner has not alleged an intervening change in controlling law, nor has he offered that new evidence exists that was unavailable at trial. Petitioner, therefore, must argue that the denial of his Certificate of Appealability constituted a clear error of law or a manifest injustice.

For a Certificate of Appealability to issue, a court must determine that reasonable jurists would find both that Petitioner's constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Therefore, Petitioner must now demonstrate that it was a clear error of law when this court determined that reasonable jurists would not find his constitutional claims were debatable and that any dispositive procedural rulings by this court were debatable or wrong.

4

Petitioner has failed to make such a showing. Petitioner has simply repeated his arguments from Counts 1 and 2 of his habeas petition. Moreover, Petitioner has disregarded the deferential standard for reviewing the state court rulings in this case. Instead, he claims error on the part of the state courts. Young has not shown, however, that reasonable jurists would find that it is debatable that the state court rejection of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Nor has he shown that reasonable jurists would find debatable this Court's conclusion that the state court decisions were not "based on an unreasonable determination of the facts in light of the evidence presented in the state court. . . ." 28 U.S.C. § 2254(d)(2). Petitioner has therefore failed to show that the denial of a certificate of appealability was a clear error of law.

An appropriate order follows.

*[signature: Thomas I. Vanaskie]*

Thomas I. Vanaskie
United States Circuit Judge
(Sitting by Designation on the District Court)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD YOUGN,

    Plaintiff

v.

JAMES GRACE, Superintendent
of SCI-Huntington, et al.,

    Defendants

NO. 3:CV-07-016

JUDGE VANASKIE

## ORDER

NOW, THIS 20th DAY OF DECEMBER, 2010, for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's "Motion Pursuant to Fed. R. Civ. P. 59(E) to Alter or Amend the Judgment by Granting a Certificate of Appealability as to Claims 1 and 2" (Dkt. 54) is **DENIED**.

Thomas I. Vanaskie
United States Circuit Judge
(Sitting by Designation on the District Court)