# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD YOUNG,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:07-0016 |
| v. | : | |
| | | **(JUDGE MANNION)** |
| **JAMES GRACE, et al.,** | : | |
| Respondents | : | |

## **M E M O R A N D U M**

Pending before the court is petitioner's motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(3) and Fed.R.Civ.P. 60(b)(6), (Doc. No. 66), seeking to overturn the judgment on his petition for writ of habeas corpus and reopen the case. For the following reasons, the motion will be **DENIED**.

## I. BACKGROUND

On July 11, 2003, petitioner Richard Young was convicted of murder and sentenced to life in prison. (Doc. No. 1). Since that time, petitioner has challenged his conviction numerous times. He unsuccessfully appealed his conviction in state court. (Doc. No. 12, at 4). He then filed a petition for writ of habeas corpus, (Doc. No. 1),[1] which was denied, not allowing petitioner leave to appeal, on September 2, 2010. (Doc. No. 53). Petitioner next moved

---

[1] This case was originally assigned to the Honorable Thomas I. Vanaskie. The case was reassigned to the undersigned on September 23, 2013.

pursuant to Fed.R.Civ.P. 59(e) to amend that order to allow him to appeal. (Doc. No. 54). That motion was denied. (Doc. No. 60). Petitioner then filed a notice of appeal on January 17, 2011. (Doc. No. 61). The Third Circuit Court of Appeals affirmed, (Doc. No. 65),[2] the district court's December 20, 2010 order, (Doc. No. 60), denying plaintiff's Rule 59(e) motion. Plaintiff now brings the instant motion to reopen his habeas corpus proceedings pursuant to Fed.R.Civ.P. 60(b)(3) and 60(b)(6).

Petitioner Richard Young was convicted of the murder of Russel Loomis in 1995 following a jury trial. The Pennsylvania Supreme Court reversed and remanded his conviction, and a retrial was held in 2003. He was again found guilty of the murder, and was sentenced to life in prison. (Doc. No. 1, at ¶ 2). Ronald Hull, an employee of petitioner's, testified at the 2003 trial. Petitioner's instant motion centers on that testimony. He alleges that he was convicted on the theory that Hull was an eyewitness, and that Hull's presentence report ("PSR") contradicts that account by stating that Hull was not at the scene of the murder. He alleges that the respondents perpetrated a fraud on this court by relying on Hull's testimony despite the "new" information in Hull's PSR, and that the fraud created unfairness in the proceedings in his 28 U.S.C. §2254

---

[2] The Third Circuit's order, (Doc. No. 65), indicates that the district court's order "entered December 20, 2012" is affirmed. There is no docket entry for that date, but the district court did issue an order on December 20, 2010. Typographical error notwithstanding, the court assumes that the Third Circuit affirmed the district court's order, (Doc. No. 60), denying petitioner's Rule 59(e) motion to amend the judgment.

2

petition for writ of habeas corpus.

## II.     STANDARD OF REVIEW

Fed.R.Civ.P. 60(b) allows a party to seek relief from a final judgment, and request reopening of the case, "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b)(3) provides for relief from judgment caused by fraud, misrepresentation, or misconduct by an opposing party. In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing. Meyers v. Smith, 2010 WL 2802255 at *1 (July 13, 2010 D.Del.)(citing Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960)). If fraud is proved, the judgment may be set aside if the movant shows that the fraud substantially interfered with the movant's ability to present his case. Meyers, 2010 WL 2802255 at *1(citing Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002)).  A motion under 60(b)(3) cannot serve "as an attempt to relitigate the merits." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989). Instead, Rule 60(b)(3)  is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect." Hesling v. CSX Transp. Inc., 386 F.3d 632, 641 (5th Cir. 2005).[3]

---

[3] Fed.R.Civ.P. 60(c) mandates that a motion under 60(b)(3) must be brought no more than one year after the entry of judgment or order. Rule

3

Relief under Rule 60(b)(6) is available only in cases evidencing exceptional circumstances, Construction Drilling, Inc. v. Chusid, 131 Fed. Appx. 366, 371 (3d Cir. 2005), and only when relief is sought based on a reason not enumerated in Rule 60(b)(1)-(5). Gonzalez, 545 U.S., at 528. Rule 60(b) motions may not be used to challenge a petitioner's underlying conviction after his habeas petition has been denied, and may not be used as a substitute for an appeal. U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).

When a court is confronted with a 60(b) motion after previously denying a habeas petition, the court should first consider whether the 60(b) motion attacks "the manner in which the previous habeas judgment was procured" or the underlying conviction. Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). If the motion seeks to collaterally attack the underlying conviction, it should be treated as a successive habeas petition, and not a Rule 60 motion. Id.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) limits a petitioner's ability to bring a successive §2254 habeas motion, and the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion. 28 U.S.C. §2244(b)(3)(A).

---

60(b)(6) motions must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Although his habeas petition was denied on September 2, 2010,(Doc. No. 53), petitioner's September 18, 2013 Rule 60 motion is timely because his intervening Rule 59(e) motion, (Doc. No. 54), tolled the one-year time limit for 60(b)(3) motions. *See* National Passengers R.R. Corp. v. Maylie, 910 F.2d 1181, 1183-84 (3d. Cir. 1990).

4

If the record does not reflect that the petitioner received such an order from the circuit court, a district court "*must* dismiss a second or successive petition," as they are generally wasteful of judicial resources. Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002)(emphasis in original).

## III.  DISCUSSION

Petitioner's Rule 60 motion here purports to attack the fairness of the §2254 proceedings. He alleges that because the "Commonwealth version" of his crime is that Hull was an eyewitness, but that Hull's presentence report allegedly indicates that Hull was not at the scene of the crime, that the respondents intentionally perpetrated a"deliberate fraud" upon the court during the §2254 proceedings.

Rule 60(b)(6)

While petitioner claims that his motion is brought pursuant to Rule 60(b)(3) and 60(b)(6), his motion focuses solely on alleged fraud, and does not indicate that there are any exceptional circumstances in this case, nor that relief is sought for a reason not enumerated in Rule 60(b)(1)-(5). Petitioner has thus failed to meet the high bar necessary to sustain a motion under 60(b)(6). *See* Construction Drilling, Inc., 131 Fed.Appx., at 371.

Rule 60(b)(3)

Petitioner has failed to show any wrongdoing on the part of the respondents during the §2254 action, much less clear and convincing

evidence of fraud or misrepresentation, as he must under Rule 60(b)(3). Meyers, 2010 WL 2802255 at *1. Petitioner repeatedly claims that the "Commonwealth's version" of the crime in the §2254 proceedings relied on Hull being an eyewitness. Even assuming that there is something fraudulent about that version of the crime, petitioner does not allege any specific instance of the respondents presenting that view to this court. Nor does a review of the record in this case present instances of the respondents relying on Hull's testimony: the transcript of the oral argument does not address Hull's testimony, (Doc. No. 51); the respondent's motion to dismiss the §2254 petition does not mention it, (Doc. No. 11); their brief responding to petitioner's opposition to the motion to dismiss mentions Hull's testimony only in a quote from petitioner's own brief, (Doc. No. 27, at 36); their amended response to the petition for habeas corpus again merely quotes petitioner's own brief, (Doc. No. 32, at 35), and; their opposition to petitioner's Rule 59(e) motion, (Doc. No. 57), does not mention Hull's testimony.

Thus, nothing in respondents' submissions in this action evidences reliance on Hull's testimony. Indeed, all of respondents' arguments address legal issues regarding standards of review and exhaustion. None of respondents' submissions address factual "theories of the crime" in any significant way. Petitioner's attempt at framing the unreliability of Hull's statements at trial into a 60(b)(3) claim for fraud during the proceedings in the habeas action is therefore unfounded. The complete absence of evidence of

fraudulent representations to this court demonstrates that petitioner's instant Rule 60 motion is, in actuality, a successive §2254 petition challenging the use of Hull's testimony to convict him of murder.

This is further shown by the fact that petitioner accuses Lackawanna County ADAs Amil Minora and Lisa Swift of presenting false evidence to the court. (Doc. No. 66, at 14-15). Those lawyers did not appear before this court in this matter, did not make any submissions, and are not parties to this action. Instead, they were the prosecutors in the underlying murder case, which makes it clear that petitioner is not complaining about fairness in this court, but attempting to relitigate his murder trial, or to use this motion as yet another appeal of his conviction. As there is no indication that a successive §2254 petition has been authorized by the Third Circuit Court of Appeals, the motion must be **DISMISSED**.

Even assuming for the sake of argument that petitioner is not simply rehashing his habeas petition, his Rule 60(b)(3) motion would still be unavailing. In addition to the fact that he does not show any evidence of fraud, plaintiff fails to show that the PSRs would make any material difference that affected the fairness of the §2254 proceedings. Plaintiff specifically excerpts the trial transcript to show that, upon questioning by the trial judge, Hull testified that he was not present at the scene of the murder. (Doc. No. 1, at ¶ 140). The unreliability of Hull's testimony was addressed in an exhaustive memorandum by Judge Vanaskie. (Doc. No. 53, at 50-53). That

7

memorandum explicitly addresses the petitioner's claim that Hull was not an eyewitness to the murder. (Doc. No 53, at 51). Judge Vanaskie, who had the trial transcript, pleadings, and briefs available to him, and who presided over an oral argument, (Doc. No. 51), in deciding the §2254 petition, had ample opportunity to consider Hull's testimony. He determined, as the Pennsylvania Superior Court had before him, that the jury made the determination that Hull's testimony was reliable, but that even if the jury had discredited Hull's testimony in its entirety, there would still have been sufficient evidence to convict petitioner. (Doc. No. 53, at 52-53).

Petitioner's contention that the court could have reached a different conclusion with access to the "new" information in the PSRs is therefore without merit, especially considering that plaintiff's own account indicates that Hull testified at trial that he was not an eyewitness. As the trial court and this court had testimony indicating that Hull was not at the scene of the murder available to them, it is difficult to see why the information allegedly contained in the PSRs is "new," or how it would materially change the court's consideration of petitioner's habeas corpus action. Plaintiff has failed to show any evidence that the information which he alleges is in the PSRs of Slick and Hull could have made a material difference to the court in deciding the §2254 petition.

In light of the foregoing, petitioner's motion will be **DISMISSED**. A separate order will follow.

                                              s/ *Malachy E. Mannion*
                                              **MALACHY E. MANNION**
                                              **United States District Judge**

**Date: October 21, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2007 MEMORANDA\07-0016-01.wpd